AO 243 (Rev. 01/15)

FILED by **PG** D.C.
JAN 03 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Florida, Miami Division |
|---|---|
| Name *(under which you were convicted)*: Miguel Moran Diaz | Docket or Case No.: |
| Place of Confinement: FCC Coleman Low custody | Prisoner No.: 65699-004 |

| UNITED STATES OF AMERICA | v. | Movant *(include name under which convicted)* Miguel Moran Diaz |
|---|---|---|

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
United States District Court
400 North Miami Avenue, Suite 8N09
Miami, Florida 33128-7716

cat/div 2255/510/MIA
Case # _____
Judge JAL  Mag DAW
Mot'n Ifp NO  Fee pd $0
Receipt # _____

(b) Criminal docket or case number (if you know): 15-cr-20264-JAL

2. (a) Date of the judgment of conviction (if you know): May 27, 2015
   (b) Date of sentencing: July 27, 2015

3. Length of sentence: 120 months followed by three years of supervision

4. Nature of crime (all counts): being a felon in possession of a firearm affecting interstate commerce in violation of 18 U.S.C. § 922(g)(1)

FILING FEE
PAID ~~~
In Forma Pauperis ~~~
Steven M. Larimore, Clerk

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?
   N/A

6. If you went to trial, what kind of trial did you have? (Check one) N/A  Jury ☐  Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? N/A  Yes ☐  No ☐

8. Did you appeal from the judgment of conviction?  Yes ☒  No ☐

9. If you did appeal, answer the following:
    (a) Name of court: Eleventh Circuit Court of Appeals
    (b) Docket or case number (if you know): 15-13608
    (c) Result: affirmed
    (d) Date of result (if you know): June 16, 2016
    (e) Citation to the case (if you know): ___
    (f) Grounds raised:
    did the district court violate Mr. Diaz's statutory right to a fair sentence by relying on extra record hearsay resulting in a sentence that was substantively unreasonable.

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes [x]   No [ ]
        If "Yes," answer the following:
        (1) Docket or case number (if you know): 16-6869
        (2) Result: denied
        (3) Date of result (if you know): January 9, 2017
        (4) Citation to the case (if you know): ___
        (5) Grounds raised: whether the court below used extra-judicial congressional testimony to sentence Mr. Diaz outside his guideline range regardless of the statutory maximum range under §922(g)(1).

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [ ]   No [x]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: ___
        (2) Docket or case number (if you know): ___
        (3) Date of filing (if you know): ___
        (4) Nature of the proceeding: ___
        (5) Grounds raised: ___

AO 243 (Rev. 01/15)                                                                                                              Page 4

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐        No ☐
    (7) Result: _____
    (8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:
    (1) Name of court: _____
    (2) Docket of case number (if you know): _____
    (3) Date of filing (if you know): _____
    (4) Nature of the proceeding: _____
    (5) Grounds raised:




    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐        No ☐
    (7) Result: _____
    (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1) First petition:     Yes ☐     No ☐
    (2) Second petition:  Yes ☐     No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:


12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)                                                                                    Page 5

**GROUND ONE:** Sentencing counsel failed to prepare for the district court's sua sponte introduction of non-individualized hearsay concerning general.....

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

see continuation page attached.

(b) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☒
   (2) If you did not raise this issue in your direct appeal, explain why:

      issue was not right for review on direct appeal

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☐   N/A
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐   No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐   No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐   No ☐

AO 243 (Rev. 01/15)                                                                                                         Page 6

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

**GROUND TWO:** Sentencing counsel failed to object to the district court's inclusion and consideration of untested, non- adversarial (political).....

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

see continuation page attached....

_____

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
  Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
  Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
  Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** Mr. Diaz's guilty plea was invalid, since the plea was unknowing, unintelligent, and involuntary.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Facts contained on continuation page.

AO 243 (Rev. 01/15)                                                                                                    Page 8

(b) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☒
   (2) If you did not raise this issue in your direct appeal, explain why:
       Issue was not ripe for review.

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☐
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐    No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐    No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed:

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

---

**GROUND FOUR:** Mr. Diaz was denied the assistance of counsel both at sentencing and plea negotiations failing to comprehend and research the extent of the sentencing court's discretion.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Facts contained on continuation page.

(b) **Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☒
  (2) If you did not raise this issue in your direct appeal, explain why:
      Issue was not ripe for review.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☐

  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)                                         Page 10

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    ineffective claims are raised for the first time in this collateral proceeding.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 243 (Rev. 01/15)            Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:
    Daniel Ecarius, AFPD; 150 West Flagler Street, Suite 1500, Miami Fl. 33130

    (b) At the arraignment and plea:
    same

    (c) At the trial:
    N/A

    (d) At sentencing:
    same as above

    (e) On appeal:
    same

    (f) In any post-conviction proceeding:
    no post conviction has been filed.

    (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*
    this motion is timely filed based on the AEDPA statute of limitation. Mr. Diaz's writ of certiorari was denied on January 9th, 2017, Mr. Diaz has until January 9th, 2018 to file this application, therefore, the application is timely pursuant to (f)(1).

AO 243 (Rev. 01/15)            Page 12

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)

Page 13

Therefore, movant asks that the Court grant the following relief: to vacate sentence and to be resentenced within the guideline range as recommended by the United States Attorney's Office, that is, 41 months of imprisonment.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on __12-28-2017__.
(month, date, year)

Executed (signed) on __12-28-2017__ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Ground One: Sentencing counsel failed to prepare for the district court's sua sponte introduction of non-individualized hearsay concerning general concerns about terrorism. Defense counsel performs outside of professional norms when counsel inadequately prepares for sentencing. Counsel's inadequate performance deprived Mr. Diaz of the Sixth Amendment guarantee of an effective attorney.

Supporting Facts: At the beginning of the investigation the government thought Mr. Diaz maybe a terrorist in the making; ultimately, it turns out that the FBI learned Mr. Diaz internet rantings were a cry for attention and Mr. Diaz's Walter-Mitty-like pursuit of significance.

Once the government became aware that Mr. Diaz's plans were bluster and bark, not bite, the government turned to a more vanilla prosecution felon in possession of an unauthorized weapon. Mr. Diaz readily accepted responsibility for the charge.

This left Mr. Diaz with a one dimensional defense, mitigating the sentence. Of course, the advisory guideline was tiny by federal standards, i.e., 33-41 months. Nonetheless, with the terrorism shadow, defense counsel should have been prepared to militate Mr. Diaz's stupid, impulsive attention seeking cyber chatter.

At a minimum, a mental health evaluation to show that Mr. Diaz's inappropriate comments were indicative of hyperbole, not violence. Further, the attorneys should have interviewed Mr. Diaz's family and friends, turning those interviews into affidavits and testimony that bolstered Mr. Diaz's history.

1.2 Sentencing counsel's lack of preparation prevented Mr. Diaz from making a factual case that militated against the district court's preconceptions regarding the epidemic of terrorist speech. This court should vacate the conviction and return Mr. Diaz to the presentencing stage, appoint counsel and provide counsel the time and resources to prepare for a contested sentencing, even if the contest is only with the court.

Ground Two: Sentencing counsel failed to object to the district court's inclusion and consideration of untested, non-adversarial (political) hearsay. Assuming that consideration of broad political comments is appropriate under any sentencing circumstance. Any reasonable attorney would have objected to the rare event, in order to preserve Rule 52(a) review on direct appeal.

At trial the government moved for a three level acceptance of responsibility departure, and recommended a within guideline sentence. The government sought the high end (41 months) of the advisory range because of Mr. Diaz's illadvised antics. The defense sought the low end (33 months)(Sent. Tr.p.3/6-21).

The district court, however, elected to exercise its discretion and disregard the parties recommendation. Instead the district court decided to consider the factual proffer, a revised advisory presentence investigation report (that counsel objected to and "various statements" by James Comey, the director of the Federal Bureau of Investigation (FBI) and "Michael Steinbech" also of the FBI (Sent. Tr. pp.9-23). Notably, both Comey and Steinbeck were not discussing Mr. Diaz's case and likely did not (do not) know Mr. Diaz exists. **Id.**

Nevertheless, Mr. Diaz's counsel did not object to the political statements being introduced into the record or the court considering the statements in determining the individualized sentence for Mr. Diaz. Any defense attorney would have objected to the district court's procedure first in an effort to change the district court's methodology and if unsuccessful, then to preserve the claim for Rule 52(a)'s standard of review. The Eleventh Circuit held, "[b]ecause Diaz failed to object to the district court's consideration of congressional testimony at his sentencing hearing, plain error review applies." (App. Opn.). If counsel had objected then on appeal Mr. Diaz could have met the lesser burden under Rule 52(a) especially, if the use of extra record evidence violated due process and cast the burden of persuasion on the government.

Mr. Diaz should be returned to the sentencing stage in order to allow counsel to object: to the congressional hearsay and to the "factual" proffer (or better yet remove conclusory inferences from the proffer so that it reflects only facts presumptions and opinions).

And, thereafter, if necessary to raise the sentencing claim on direct review under the appropriate statutory and constitutional standards.

Ground Three: Mr. Diaz's guilty plea was invalid, since the plea was unknowing, unintelligent, and involuntary.

Supporting Facts: Mr. Diaz believed that he would receive a 3 level departure that would place him in a 33 to 41 month sentencing range. He did not fully comprehend that the district court could reject both parties agreement that the Guideline's advisory range was reasonably. If he had understood that the district court could ignore mutual recommendation, without any record evidence, he would not have pleaded guilty as he did.

Relatedly, his counsel appeared to miscomprehend the effect of the parties agreement that a Guidelines sentence should apply. Otherwise, counsel would have obtained a binding plea agreement under Rule 11(c). Yet, counsel not only failed to ensure Mr. Diaz under his legal alternatives, but also, counsel failed to pursue a binding plea agreement as the law expressly allows.

Also, similar in nature, but with no vagaries, Mr. Diaz (and counsel) believed that regardless of where § 3553(a) analysis commenced from Mr. Diaz would receive a 3 level departure. The government complied with its agreement (however illusory the consideration was) and sought the full three level reduction. (Sent. Tr.,p.3). This court "granted" the reduction.(Id.). But paradigmic example of illusory consideration what this court gives with its

left hand, it took back with its right. In other words, despite granting the departure, this court ignored it by imposing the statutory maximum sentence. If Mr. Diaz had understood the acceptance departure was a mirage. He would not have pleaded guilty.

**Ground Four:**

The Constitution provides that every accused will the effectively assistance of counsel at each critical stage in the criminal prosecution. Sentencing is a critical. The professional norms require an attorney understand and prepare for the sentencing. Mr. Diaz's counsel failed to prepare and once surprised failed to request a continuance in order to address the surprise. Counsel's unpreparedness and failure to object were deficient performance that reasonably likely increased Mr. Diaz's sentence.

**Supporting Facts:**

The government's investigation of Mr. Diaz focused on his wannabe terrorists ranting. The investigators ultimately realized Mr. Diaz's rants were attention getting noise rather than nefarious plans of violence. A conclusion supported by Mr. Diaz refusing to take any overt step although regularly enticed to do so by the undercover agents.

As a result of that investigative conclusion, the government entered into an agreement that called for a sentence within the advisory guideline range. The Guidelines established the range at between 33 and 41 months. The agreement allowed the government to present any evidence available to obtain a high-end (41 months) sentence. Similarly, the defense could submit evidence to encourage the court to the low end of the range (33 months). Obviously, this court's discretion was unconstrained by the agreement.

Defense counsel, however, did not prepare for the court's exercise of that discretion to double or triple the sentence to the statutory maximum. An oversight that is not excusable in the light of District Judge Lenord's well known (and justifiable) antipathy to criminals who use weapons. Defense counsel should have anticipated that this district court would need significant evidence, to keep Mr. Diaz within the low end of the range.

Possibly more disturbing, once surprised, counsel should have not only objected to use of the political hearsay but also should have requested a continuance in order to prepare the new legal terrain that the contest would be fought on.

FROM: Miguel Moran Diaz
#65699-004
Federal Correctional Complex (Low)
Unit B-3, P.O. Box 1031, Coleman, FL, 33521-1031.

TO:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA  Room 8N09
400 NORTH MIAMI AVENUE
MIAMI, FLORIDA 33128-7716