[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13608
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20264-JAL-1

UNITED STATES OF AMERICA,

                        Plaintiff-Appellee,

versus

MIGUEL MORAN DIAZ,

                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 14, 2016)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Miguel Moran Diaz appeals his 120-month sentence, imposed above the applicable guideline range, after pleading guilty to 1 count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). On appeal, Diaz argues that his sentence was substantively unreasonable because the district court violated his due process rights and Federal Rule of Criminal Procedure 32 by relying on extra-record congressional testimony without notice of its intent to do so. Diaz further argues that his sentence was unreasonable because the district court surprised the parties by sentencing him to the statutory maximum, even though the government had asked for a high-end guideline sentence as the "most appropriate" sentence.

We review the reasonableness of a sentence, including a sentence above the advisory guideline range, under a deferential abuse-of-discretion standard. *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013). However, procedural arguments raised for the first time on appeal in a criminal case are reviewed for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

To show plain error, a defendant must demonstrate (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights. *Id.* In order for a plain error to have affected substantial rights, it "must have been prejudicial . . . [and] have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778,

123 L. Ed. 2d 508 (1993); *see also United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005) ("[W]here the effect of an error on the result in the district court is uncertain or indeterminate—where we would have to speculate—the appellant has not met his burden of showing . . . that his substantial rights have been affected.").

We examine whether a sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Overstreet*, 713 F.3d at 636. The weight given to any specific § 3553(a) factor is left to the district court's sound discretion. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). We will vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment . . . arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation omitted). An above-guideline sentence is not unreasonable simply because the government recommended a sentence within the guideline range. *See United States v. Early*, 686 F.3d 1219, 1221, 1223 (11th Cir. 2012) (upholding an above-guideline sentence as reasonable though the government had recommended a sentence at the low end of the guideline range).

Because Diaz failed to object to the district court's consideration of congressional testimony at his sentencing hearing, plain error review applies. *See*

3

*Vandergrift*, 754 F.3d at 1307.  Even assuming that the district court's review of extra-record congressional testimony without prior notice constitutes plain error, Diaz's claim fails because it is clear that any such error did not affect his substantial rights as it did not affect the outcome.  *See Olano*, 507 U.S. at 734, 113 S. Ct. at 1778; *Rodriguez*, 398 F.3d at 1301.  The sentencing transcript reflects that the district court's primary considerations were the § 3553(a) factors, specifically the seriousness of the nature and circumstances of Diaz's offense, the need to protect the public and promote respect for the law, the need to adequately deter Diaz and others considering similar conduct, and Diaz's criminal history.

To the extent Diaz raises a separate argument of substantive unreasonableness,  the district court did not abuse its discretion in imposing his above-guideline sentence after considering and weighing several of the § 3553(a) factors, even where the government recommended a within-guideline sentence.  *See Early*, 686 F.3d at 1221, 1223.  Accordingly, we affirm Diaz's sentence.

**AFFIRMED.**